**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE:  ROBERT WILLIAM HICKMAN                               Case No. 05-40267-DOT
             Chapter 13 Debtor

**MEMORANDUM OPINION AND ORDER**

Hearing was held November 8, 2006, on motions to allow the filing of late proofs of claim by the City of Richmond, Virginia (the "City"), and the Commonwealth of Virginia Department of Taxation (the "State").  For the reasons set forth below, the proofs of claim will be allowed as informal proofs of claim.

Findings of Fact

On December 2, 2004, Julian's Restaurant, Incorporated, filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code.  The debtor, Robert William Hickman, is an officer and part owner of Julian's.  On December 21, 2004, the City filed a collection lawsuit in the Circuit Court for the City of Richmond against the debtor, in his capacity as a responsible individual officer of Julian's, for the meals tax delinquency owed to the City.  The corporate entity and each of the individual officers of the corporation carry joint and several liability for each of the relevant tax claims in this case.  The City timely filed its proof of claim regarding meals taxes in the Chapter 11 case on January 6, 2005.  The State timely filed a proof of claim for sales taxes in the Chapter 11 case on October 21, 2005.

The debtor filed a petition under Chapter 13 on October 11, 2005, one day before the City meals tax trial was set to begin in state court.  The petition listed the City as a creditor.  The petition did not, however, list the State as a creditor.

The first Chapter 13 plan, filed November 7, 2005, proposed to pay the City's meal tax

claim "directly by the corporate entities of Julian's Restaurant within 12 months after confirmation of this plan through the reorganization of the corporate businesses." The accompanying schedules listed the City as an unsecured priority creditor for meals tax, with the claim described as "Meals Tax—Notice Only." The statement of Financial Affairs listed the City's lawsuit against debtor, stating that the trial date was stayed due to the bankruptcy filing. The plan made no reference to sales tax claims held by the State. This plan was confirmed by the court on December 22, 2005.

Throughout the bankruptcy proceedings, the City met with representatives of the debtor and counsel for the corporate entity to discuss the payment of the City's claim for meals tax. These meetings discussed the payment of the City's claim through the corporate reorganization and do not appear to have contemplated payment of the claim by the individual debtor.

The debtor filed an amended Chapter 13 plan on March 22, 2006. The amended plan included provisions for payment of a priority tax debt of $33,178.83 to the State, listing priority debt to the State on the schedules. The State filed an objection to confirmation of this plan on March 31, 2006, on grounds that the plan did not provide for payment in full of its priority claim.

The deadline for governments to file proofs of claim in the Chapter 13 was April 10, 2006. On Sunday, April 16, 2006, Julian's ceased operations without notifying the City, State, or the court.

The City filed its motion for leave to file proof of claim on April 24, 2006, attaching a copy of the proof of claim. The State filed its motion to allow the late filing of its claim on August 29, 2006. The amended Chapter 13 plan was denied confirmation at the November 8 hearing, reinstating the first Chapter 13 plan.

Conclusions of Law

The central inquiry in determining the existence of an informal proof of claim is whether sufficient notice of the claim has been given in the bankruptcy proceeding. In re Judy Wood Publishing Corp., 289 B.R. 319, 320 (Bankr. E.D. Va. 2002). This notice must include some affirmative action by the creditor. Id. at 322. According to Collier on Bankruptcy § 3001.05, among the items found to be informal proofs of claims by other courts are: objections to confirmation of a debtor's chapter 13 plan, a complaint initiating an adversary proceeding, or the filing of pleadings in a related lawsuit.

In this case, it is clear that the State filed an objection to the debtor's Chapter 13 plan on March 31, 2006, prior to the claims filing deadline of April 10. Thus the State had put the debtor on sufficient notice that the claim would be pursued in the Chapter 13 plan if the Chapter 11 plan did not in fact pay it. This action constitutes the filing of an informal proof of claim which may be amended by the filing of a formal proof of claim.

The City also took numerous affirmative steps to stake its claim against the debtor. The City had filed a collections lawsuit that was aborted by the automatic stay. The City had continually negotiated with the debtor and counsel for the corporate debtor, consistently maintaining the joint and several liability on the meals tax liability. The debtor acknowledged the city's claim by listing it in his schedules. More significantly, he addressed the claim in his plan by stating that the corporate Chapter 11 provided for payment of the claim. Both of these serve as acknowledgments that the debtor was on sufficient notice of the City's claim. Therefore the City's actions, taken as a whole, should constitute the filing of an informal proof of claim which was effectively amended by the City's formal proof of claim filed on April 24, 2006.

An additional factor in allowing an informal proof of claim in this case is the overall

equity of the situation. Here, the timely filed tax claims of both the City and the State were to be paid in full through the corporate Chapter 11 plan of reorganization. Rather than filing duplicative claims, both the City and the State refrained from filing in the debtor's Chapter 13. When the corporation ceased operations without notice, however, this put any repayment relying upon continuing operations in jeopardy. As a result, the debtor should not be able to reap an inequitable benefit from his decision to cease corporate operations six days after the deadline for proofs of claim in his personal Chapter 13.

If the claims are not allowed in the Chapter 13 case, it is possible that they would ride through the bankruptcy and rise to meet the debtor again post-bankruptcy.

The court notes that the allowance of the proofs of claim in this case may in fact be a moot point if the claims are fully paid as originally provided for by the Chapter 11 plan. These claims need not be paid out of the Chapter 13 plan unless the payments under the Chapter 11 plan fail to make the taxing authorities whole.

It is therefore

ORDERED that the City of Richmond's motion to allow the late filing of a proof of claim is GRANTED, and the City is allowed to amend their informal claim to state a priority unsecured claim in the amount of $244,424.70;

AND IT IS FURTHER ORDERED that the Commonwealth of Virginia, Department of Taxation's motion to allow the late filing of a proof of claim is GRANTED, and the State is allowed to file an amended claim in the total amount of $138,657.70, including a priority claim in the amount of $115,283.12, and a general unsecured claim in the amount of $23,419.58.

SIGNED:

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Bruce W. White
7110 Forest Ave., Suite 204
Richmond, VA 23226
*Counsel for Debtors*

Robert William Hickman
3833 Thamesford Way
Richmond, VA 23233
*Debtor*

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*

W. Clarkson McDow, Jr.
Office of the U.S. Trustee
600 E. Main St., Suite 301
Richmond, VA 23219

Mark. K. Ames
Taxing Authority Consulting Services, P.C.
2812 Emerywood Parkway, Suite 220
Richmond, VA 23294
*Counsel for Commonwealth of Virginia Department of Taxation*

Alexandra Silva Fannon
Assistant City Attorney
900 East Broad Street, Room 300
Richmond, VA 23219
*Counsel for City of Richmond, Virginia*